IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRITTAIN D. WALLER,**

    **Plaintiff,**

  v.                                        Civil Action 2:25-cv-00672
                                                Judge Edmund A. Sargus
                                                Magistrate Judge Kimberly A. Jolson

**OHIOHEALTH CORPORATION, et al.,**

    **Defendants,**

**OPINION & ORDER**

Before the Court is Plaintiff's Motion to Seal Personal Identifying and Sensitive Medical and Mental Health Information. (Doc. 5). For the following reasons, the Motion is **DENIED without prejudice in part and GRANTED in part.**

I.      BACKGROUND

Briefly, Plaintiff, who proceeds *pro se*, filed this action on June 9, 2025, and alleges that Defendants violated her rights under federal and state law. (*See generally* Doc. 1; *see also* Doc. 4 (order transferring this case to the Eastern Division of the Southern District of Ohio)). Specifically, Plaintiff alleges that in June 2024, she went to the OhioHealth Hilliard Emergency room to seek treatment for back pain. (Doc. 1 at 6). While there, Plaintiff, who is physician in training (*see id.* at 8), disclosed to staff that she retained an attorney for "ongoing harassment in the workplace." (*Id.* at 7). After this disclosure, staff "threatened to initiate an involuntary psychiatric hold ('pink slip') if Plaintiff declined voluntary psychiatric admission." (*Id.*). When Plaintiff refused, a physician's assistant issued the pink slip, even though that provider did not personally evaluate her. (*Id.*). To carry out the involuntary psychiatric hold, staff at OhioHealth restrained Plaintiff "in four-point locked restraints," which caused her pain. (*Id.*). They transported Plaintiff to a

different hospital and eventually to an inpatient psychiatric facility. (*Id.* at 8 (also stating she was taken back to the emergency room for a medical episode two days later)).

Plaintiff alleges during these events, staff denied her a full mental health evaluation and included false information in her medical records. (*Id.*). And following her hospitalization, the Ohio State Medical Board required her to submit to further evaluations and "temporarily restricted Plaintiff's ability to practice [medicine]." (*Id.*). Ultimately, says Plaintiff, her involuntary psychiatric hold and the subsequent investigation by the Medical Board was retaliation for her complaints about workplace harassment. (*Id.*).

Plaintiff brings claims against OhioHealth Corporation, Columbus Springs Dublin, and several medical practitioners for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution, violation of the Americans with Disabilities Act, and violations of state laws including false imprisonment and medical malpractice. (*Id.* at 8–9). At this time, no Defendant has been served nor have any entered an appearance.

## II.     MOTION TO SEAL

A few weeks after she commenced this case, Plaintiff filed a Motion to Seal. (Doc. 5). In it, she asks the Court to seal from all public filings records containing her sensitive medical or psychiatric information and her personal identifying information.

### A.     Medical Records

Beginning with Plaintiff's request to seal her medical records, her Motion is legally deficient. The Sixth Circuit is clear that "'[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, a party seeking to place information out of the

public's reach has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). Ultimately, the party asking for permission to seal must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). And that is not all. "[T]he seal itself must be narrowly tailored to serve" the reason for sealing. *Id.* at 305–06 (quotation omitted). So, a party seeking to seal or redact information must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted).

In sum, to overcome "the strong presumption in favor of openness," Plaintiff must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637; *see also Shane Grp., Inc.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176) (also stating a court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'"). Plaintiff must also analyze "document-by-document, line-by-line" whether the materials meet this standard for sealing or redaction. *Shane Grp.*, 825 F.3d at 305–306.

Plaintiff has made no such showing here. Up front, it is not clear to the Court exactly what in the current record Plaintiff seeks to seal. While her Motion broadly asks to seal "sensitive medical and mental health information" and mentions "references to a psychiatric hold, mental health evaluations, and suicidal ideation" contained in the record, she has failed to provide the "document-by-document, line-by-line" analysis required under *Shane Group*. (*See* Doc. 5 at 1–2 (also stating public dissemination of her psychiatric information could negatively impact her professional standing and personal safety)); *see Shane Grp.*, 825 F.3d at 305–306. Not only does this deficiency make evaluating the competing interests difficult, but it also makes considering whether the request is narrowly tailored impossible. In other words, the Court cannot make a ruling under *Shane Group* because Plaintiff has not sufficiently asserted "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

What's more, Plaintiff's request to seal "any records containing sensitive medical or psychiatric information" seems, to some extent, premature. (Doc. 5 at 2). Plaintiff attached no medical records to her Complaint. (*See* Doc. 1). And there is no obvious reason medical records will be imminently filed given that this case is in its very earliest stages. Rather than the Court granting Plaintiff blanket permission to file her medical records under seal, the better course is for Plaintiff to file motions to seal that lay out the *Shane Group* standard prior to her submission of medical records or other health-related evidence to the docket.

Finally, though the Court's obligation to keep records open for public inspection "is not conditioned upon the desires of the parties to the case," *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017), Defendants have not been served nor have they appeared. The Court is loath to seal any records at this stage without allowing

4

Defendants the opportunity to provide input.  For now, Plaintiff's request to seal "any records containing sensitive medical or psychiatric information" is **DENIED without prejudice**.

B.     **Personally Identifying Information**

Plaintiff also seeks to seal her "personal identifying information" including her home address, phone number, and email address. (Doc. 5).  Again, Plaintiff's request is sparse.  Without much explanation, she states she is "at high risk for domestic violence and stalking" and she has "serious safety concern[s]" if her address, phone number, and email address were on the public docket. (*Id.* at 2).  Despite her arguably deficient showing, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983).  Here the Court finds that Plaintiff's right to privacy in her personally identifying information outweighs the public's interest in access to the same. *Cf. Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021); *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-00851-BJB-CHL, 2025 WL 1151680, at *4 (W.D. Ky. Apr. 18, 2025).  What's more, the request to seal only this information is narrowly tailored.  To be sure, the public will still know Plaintiff's identity and be able to understand this case with the rest of the information contained in the record.

Accordingly, Plaintiff is **GRANTED** leave to redact her home address, personal email address, and personal phone number from all filings in this case.  Plaintiff may file a copy of her Complaint with this information redacted **within seven (7) days**.  Once she does so, the Court will order that her initial filing be sealed.  Plaintiff is **WARNED** that the **only** difference between her original and refiled complaints should be the redacted home address, personal email address, and personal phone number.  Further, Plaintiff's mailing address will still appear in the CM/ECF

system for clerical purposes. And should Defendants make an appearance in this case, she must promptly give their counsel her full and accurate contact information.

Finally, Plaintiff is advised that Federal Rule of Civil Procedure 5.2 also allows her to redact certain information without seeking leave of Court. Fed. R. Civ. P. 5.2(a) (allowing parties to include only the last four digits of a social security number and only the year of an individual's birth where relevant)). She is further advised to read the Southern District of Ohio's Guide for *Pro Se* litigants found at: https://www.ohsd.uscourts.gov/pro-se-handbook.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Seal (Doc. 5) is **DENIED without prejudice in part and GRANTED in part**. Plaintiff may refile her Complaint with her home address, personal email address, and personal phone number redacted **within seven (7) days**.

IT IS SO ORDERED.

Date: June 25, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE