IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRITTAIN D. WALLER,

    Plaintiff,

v.                                              Civil Action 2:25-cv-00672
                                                Judge Edmund A. Sargus
                                                Magistrate Judge Kimberly A. Jolson

OHIOHEALTH CORPORATION, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff filed this case on June 9, 2025, and paid the $405.00 filing fee to do so. (Docs. 1, 2). Now, she asks the Court to allow her to proceed *in forma pauperis*. (Doc. 10). She states that she recently started a new job but has not received a full paycheck. (*Id.*). So, she cannot "afford the cost of service and other litigations expenses at this time." (*Id.*).

Plaintiff's request is procedurally unusual. She already paid the filing fee, which the Undersigned understands to be the only "litigation expense" currently applicable. *See* https://www.ohsd.uscourts.gov/court-fee-schedule-and-payment-information.

More important, it is not clear that paying costs associated with service—likely a lesser sum than what she paid to file this case—will deprive Plaintiff the "necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); *see also Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). According to Plaintiff's financial affidavit, her "income amount expected next month" includes $5,166.70 of employment income and $276 in child support. (Doc. 11). This income exceeds her average monthly expenses ($3,650). (*Id.*). These circumstances do not justify granting Plaintiff *in forma pauperis* status as to service. *Cf. Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at

*1 (S.D. Ohio Dec. 10, 2007) (noting that "[i]n forma pauperis status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

The Undersigned acknowledges Plaintiff's statement that she only recently started her job and has not received a paycheck yet. But ultimately, she has 90 days from the filing of her complaint to complete service. *See* Fed. R. Civ. P. 4(m). So, though Plaintiff may be between paychecks right now, she still has approximately two months to complete service on Defendants. *See also* S.D. Ohio Civ. R. 4.2 (describing service or waiver of process)). And, again, her financial affidavit reflects that her anticipated monthly income will be greater than the sum of her expenses. In the end, this "appears to be a case where Plaintiff must 'weigh the financial constraints posed by pursuing her complaint against the merits of her claims.'" *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021); *see also Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted) ("Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'").

Additionally, even if she were granted *in forma pauperis* status, Plaintiff would still be responsible for some costs associated with service, such as photocopying fees should she seek to obtain service copies of her complaint from the Clerk of Court. *See* A Guide for *Pro Se* Civil Litigants, 7–8 (accessed at https://www.ohsd.uscourts.gov/pro-se-handbook); S.D. Ohio Civ. R. 4.1; *see also Love v. Michigan Prop. Res. Inc.*, 733 F. Supp. 3d 623 (E.D. Mich. 2024) ("Grant of leave to proceed *in forma pauperis* does not absolve a plaintiff of all financial responsibility."), *reconsideration denied sub nom. Love v. Michigan Prop. Res.*, 737 F. Supp. 3d 600 (E.D. Mich. 2024).

For these reasons, the Undersigned **RECOMMENDS** Plaintiff's Motion (Doc. 10) be

**DENIED**.

As a final note, the Undersigned highlights that Plaintiff may find more information about how to request a waiver of service and how to accomplish service of process by consulting pages 9–11 of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants found at: https://www.ohsd.uscourts.gov/pro-se-handbook.

Date:  July 11, 2025                                             /s/ Kimberly A. Jolson
                                                                 KIMBERLY A. JOLSON
                                                                 UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

Under Federal Rule of Civil Procedure 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended by the Court on a timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).